Ronald P. Oines (CA State Bar No. 145016)
roines@rutan.com
Edson K. McClellan (CA State Bar No. 199541)
emcclellan@rutan.com
Kenneth J. Zielinski (CA State Bar No. 258555)
kzielinski@rutan.com
Will comply with LR IA 11-2
within 45 days, per LR IA 11-2(c)
RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone:   714-641-5100
Facsimile:    714-546-9035

Louis M. Bubala III
Kaempfer Crowell
50 West Liberty Street, Suite 700
Reno, Nevada 89501
Tel:  (775) 398-4741
Cell:  (775) 223-7641
Fax:  (775) 327-2011
Email: lbubala@kcnvlaw.com

Attorneys for Plaintiff
GEO-LOGIC ASSOCIATES, INC.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GEO-LOGIC ASSOCIATES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>METAL RECOVERY SOLUTIONS, INC., a Nevada corporation; THOMAS SEAL, Ph.D., an individual; JETTE SEAL, an individual; DIFFERENTIAL ENGINEERING, INC., a Nevada corporation,<br><br>Defendants. | Case No. 3:20-cv-00180-MMD-WGC<br><br>**REDACTED**<br><br>**FIRST AMENDED COMPLAINT FOR ALTER EGO LIABILITY, AVOIDANCE OF FRAUDULENT TRANSFERS, AND VIOLATION OF NRS 78.288, ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Geo-Logic Associates, Inc. ("GLA") hereby files this First Amended Complaint against Metal Recovery Solutions, Inc. ("MRS"), Thomas Seal, Ph.D ("Dr. Seal"), Jette Seal ("Mrs. Seal") and Differential Engineering, Inc. ("DEI"), and alleges as follows:

Rutan & Tucker, LLP
*attorneys at law*

2118/025147-0032
14886940.1 a03/25/20                                     -1-

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (Diversity) because the parties to this action are all citizens of different states, and the amount in controversy exceeds $75,000.

2.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events, omissions, and acts that are the subject of this action occurred within the Northern District of Nevada.

## THE PARTIES

3.     GLA is and was at all relevant times a corporation organized and existing under the laws of the State of California with its principal place of business located at 2777 East Guasti Road, Ontario, California 91761.

4.     Defendant MRS is and was at all relevant times a corporation organized under the laws of the State of Nevada with its principal place of business located at 3565 Rock Ridge, Reno, Nevada 89512.  MRS also has previously used 169 Cascade, Spring Creek, Nevada 89815.

5.     Defendant Dr. Seal is and was at all relevant times an individual residing in the State of Nevada, and the President and a Director of MRS.

6.     Defendant Mrs. Seal is and was at all relevant times an individual residing in the State of Nevada, and the Secretary, Treasurer and a Director of MRS.

7.     Defendant DEI is and was at all relevant times a corporation organized under the laws of Nevada and has a principal place of business located at 3565 Rock Ridge, Reno, Nevada 89512.  On information and belief, DEI is wholly owned and controlled by Dr. Seal.

## THE ARBITRATOR'S AWARD AGAINST MRS AND JUDGMENT THEREON

8.     On September 13, 2017, GLA filed a Complaint in this Court against MRS for breach of contract, unjust enrichment, *quantum meruit*, and accounting.[1]  MRS asserted

---

[1]   Although GLA asserted trade secret claims against MRS and Dr. Seal in its Complaint, it did not pursue those claims in the Arbitration.

counterclaims for breach of contract, breach of the implied covenant of good faith and fair dealing, trade secret misappropriation, and trademark infringement. The parties stipulated to submit their dispute to binding arbitration pursuant to an arbitration provision governing the claims. On December 6, 2017, Hon. Phillip M. Pro (Ret.) of JAMS ("Arbitrator Pro") was appointed as the arbitrator in the dispute between the parties.

9. GLA prevailed on all claims and counterclaims at arbitration. On September 21, 2019, Arbitrator Pro issued his "Final Award Corrected September 21, 2019" (the "Arbitration Award"). Arbitrator Pro awarded GLA $2,037,586 on its claims against MRS, and held that GLA prevailed on all of MRS' Counterclaims. Arbitrator Pro also awarded GLA prejudgment interest on the entire amount of $2,037,586 at the lawful rate accruing from September 13, 2017, the date of the commencement of this action.

**MRS' REFUSAL TO PAY THE ARBITRATION AWARD AND JUDGMENT**

10. GLA filed a motion to confirm the Arbitration Award; MRS filed a motion to vacate the Arbitration Award.[2] The Court denied MRS' motion to vacate, confirmed the Arbitration Award, and on January 6, 2020, entered Judgment in favor of GLA and against MRS in the amount of $2,037,586.00 plus prejudgment interest on the entire amount, accruing from September 13, 2017. On January 8, 2020, counsel for GLA sent an email to counsel for MRS asking if MRS is going to pay the Judgment. MRS has not responded.

11. To date, with the exception of the small amount referenced in footnote 2, MRS has refused to pay the Judgment or any amount thereof.

**DR. SEAL, MRS. SEAL AND DEI ARE ALTER EGO'S OF MRS AND SHOULD BE LIABLE FOR THE JUDGMENT**

12. Dr. Seal and Mrs. Seal are, and at all relevant times have been, the only officers and directors of MRS. Dr. Seal is and has been the President. Mrs. Seal is and has been the Secretary and Treasurer.

13. Dr. Seal and Mrs. Seal are, and at all relevant times have been, the only

---

[2] MRS did not challenge $147,030 of the Arbitration Award, and in November, 2019, MRS paid that portion of the Arbitration Award plus prejudgment interest accrued on that portion.

shareholders of MRS and exercise complete control over MRS and its operations. MRS is and has been influenced and governed exclusively by Dr. Seal and Mrs. Seal. There is such unity of interest and ownership that MRS and Dr. Seal and Mrs. Seal are inseparable from each other.

14.    Adherence to the corporate fiction would sanction fraud and promote a manifest injustice.

15.    Dr. Seal and Mrs. Seal keep MRS thinly capitalized and freely transfer money from MRS to themselves and to other entities owned and controlled by them.

16.    Dr. Seal and Mrs. Seal do not observe corporate formalities with MRS and do not keep adequate corporate records.

17.    MRS uses as its address homes owned by Dr. Seal and Mrs. Seal. MRS does not pay and has never paid rent to the Seals for use of those homes.

18.    On information and belief, Dr. Seal is and was at all relevant times the only officer, director and shareholder of DEI, and exercised complete control over DEI.

19.    On information and belief, Defendants do not observe corporate formalities with DEI, and operate MRS and DEI as one business enterprise without regard to their separateness. ████████████████████████████████████████████████████████████████████████████████████████████████████████

20.    On information and belief, DEI uses the Seals' residence for its business operations and does not pay rent to the Seals.

21.    There is such unity of interest and ownership that DEI, MRS, Dr. Seal and Mrs. Seal are inseparable from each other. Adherence to the corporate fiction would sanction fraud and promote a manifest injustice. Dr. Seal, Mrs. Seal and DEI are alter egos of MRS for purposes of the Judgment in favor of GLA under Nevada common law and NRS 78.747.

## DEFENDANTS HAVE CAUSED MRS TO MAKE FRAUDULENT CONVEYANCES FROM MRS TO DR. SEAL, MRS. SEAL AND DEI, WHICH CONVEYANCES SHOULD BE SET ASIDE

22. As noted in Arbitrator Pro's award, MRS made more than $6 million in **profit** on Phase 3 of work at the Los Filos mine. The award in favor of GLA included thirty percent of that profit, or $1,890,646. Given that Dr. Seal and Mrs. Seal exercise complete unfettered control over MRS, they have the ability to simply transfer that $6 million and any other amounts that MRS has earned over the years and will continue to earn to themselves and their related entities such as DEI in an effort to thwart GLA's efforts to enforce the judgment.

23. GLA filed this lawsuit on September 13, 2017. GLA's Complaint included a claim that GLA is entitled to 30% of the profits MRS received from Phase 3 of the Los Filos project. Being fully aware of such claim, Defendants took steps to ensure that MRS would be undercapitalized to pay GLA's claim. Although discovery in this case will likely reveal additional wrongdoing, GLA already is aware that Defendants have caused MRS ▮ ▮ with the intent defraud and to hinder, delay and prevent GLA's collection of the debt owed by MRS.

24. Among other things, since GLA filed this lawsuit to collect on the debt owed by MRS, ▮ such that MRS is unable to pay its debts, including the debt to GLA.

25. Defendants caused these transfers knowing and intending that they would leave MRS without sufficient capital to pay its debts, including GLA's claim.

26. It would perpetuate a fraud and promote injustice if Dr. Seal and Mrs. Seal can cause MRS to refuse to pay the judgment and simply remove all money and other

assets from MRS to avoid paying a judgment that is the result of a binding Arbitration Award that proceeded pursuant to agreement and stipulation of the parties.

27.     The transfers to the Seals included distributions to stockholders, which are governed by NRS 78.288, et seq.  Such distributions rendered MRS unable to pay its debts as they became due in the usual course of business, including the debt owed to GLA, which is the subject of the Judgment.  As such, the distributions violate NRS 78.288(2) and the Seals are liable pursuant to NRS 78.300.

## FIRST CLAIM FOR RELIEF

### (Alter Ego Liability of the Seals and DEI For the Judgment)

28.     GLA hereby incorporates paragraphs 1 through 27 above.

29.     As explained above, MRS and DEI are influenced, governed, and exclusively controlled by the Seals.  There is a unity of interest among the Defendants such that treating them as separate would result in a fraud and severe injustice against GLA.

30.     Among other things, Defendants have commingled funds, failed to observe corporate formalities, transferred funds to one another, including without sufficient consideration, and left MRS undercapitalized to meet its debts.

31.     GLA seeks an order and Judgment that the Seals and DEI are each an alter ego of MRS with respect to the Judgment and, therefore, are liable on the Judgment as if it were against each of them.

## SECOND CLAIM FOR RELIEF

### (For Avoidance and Recovery of Fraudulent Transfer Pursuant to Nevada Revised Statute 112.140 et seq. [Actual Fraud] Against All Defendants)

32.     GLA hereby incorporates paragraphs 1 through 27 above.

33.     Defendants made the above-referenced transfers to the Seals and DEI with actual intent to hinder, delay, or defraud creditors of MRS, including particularly GLA.  There are numerous indicia of Defendants' intent.  Among other things, the transfers were made to insiders, as defined in NRS 112.150(7)(b).  Before the transfers were made, MRS had been sued for the debt.  See NRS 112.180(2)(d).  Defendants removed substantially all

Rutan & Tucker, LLP
attorneys at law

2118/025147-0032
14886940.1 a03/25/20                                    -6-

of MRS' assets and concealed that they were doing so. See NRS 112.180(2)(c), (e) and (g). MRS did not receive equivalent consideration for the assets transferred. See NRS 112.180(2)(h). MRS became insolvent as a result of the transfers. See NRS 112.180(2)(i).

34.   In light of the foregoing, GLA may avoid and set aside the above-described transfers (and others that may be disclosed through discovery) as fraudulent. Each such transfer should be set aside, annulled, and declared void ab initio, and GLA should be allowed to recover the fraudulently transferred assets or their value to the extent necessary to satisfy GLA's claims. GLA further is entitled to and seeks a writ of attachment and/or garnishment against the transferred assets.

35.   Defendants' fraudulent transfer of assets was done with a conscious disregard of GLA's rights and with oppression, fraud and malice. GLA is entitled to exemplary and punitive damages.

**THIRD CLAIM FOR RELIEF**

**(For Avoidance and Recovery of Fraudulent Transfer Pursuant to Nevada Revised Statute 112.140 et seq. [Constructive Fraud] Against All Defendants)**

36.   GLA hereby incorporates paragraphs 1 through 27 above.

37.   GLA further alleges that Defendants caused MRS to make the transfers identified above and others that may be exposed through discovery in this action without receiving reasonably equivalent value in exchange for the transfers, if any value was received at all, and MRS made the transfers at a time when it:

(a)   was engaged or was about to engage in a business or transaction for which its remaining assets were unreasonably small in relation to the business transaction; or

(b)   intended to incur, or believed or reasonably should have believed it would incur, debts beyond its ability to pay as they became due. See NRS 112.180(1)(b).

38.   In light of the foregoing, GLA may avoid and set aside the above-described transfers (and others that may be disclosed through discovery) as fraudulent. Each such

Rutan & Tucker, LLP
attorneys at law

2118/025147-0032
14886940.1 a03/25/20                                        -7-

transfer should be set aside, annulled, and declared void ab initio, and GLA should be allowed to recover the fraudulently transferred assets or their value to the extent necessary to satisfy GLA's claims.  GLA further is entitled to and seeks a writ of attachment and/or garnishment against the transferred assets.

39.    Defendants' fraudulent transfer of assets was done with a conscious disregard of GLA's rights and with oppression, fraud and malice.  GLA is entitled to exemplary and punitive damages.

### FOURTH CLAIM FOR RELIEF

**(For Violation of NRS 78.288 Against Dr. Seal and Mrs. Seal)**

40.    GLA hereby incorporates paragraphs 1 through 27 above.

41.    MRS made distributions to its stockholders, namely Dr. Seal and Mrs. Seal that rendered MRS unable to pay its debts as they became due in the usual course of business, including the debt owed to GLA.  As such, the distributions violate NRS 78.288(2) and the Seals, as the board members who authorized such distributions, are liable pursuant to NRS 78.300 for the full amount of the distributions.

42.    In making these distributions, the Seals acted with a conscious disregard of GLA's rights and with oppression, fraud and malice.  GLA is entitled to exemplary and punitive damages.

### PRAYER FOR RELIEF

GLA prays for the following relief:

1.    Judgment that Dr. Seal, Mrs. Seal and DEI are each alter egos of MRS with respect to the Judgment entered against MRS and, as such, Dr. Seal, Mrs. Seal and DEI are liable on the Judgment as if it were entered against each of them;

2.    For avoidance and setting aside of fraudulent transfers;

3.    For injunctive relief to prevent any further transfer of assets from any of the Defendants;

4.    For the appointment of a receiver to take charge of

Rutan & Tucker, LLP
attorneys at law

2118/025147-0032
14886940.1 a03/25/20

-8-

Defendants' assets;

5.    For writs of execution, attachment and garnishment, as appropriate to satisfy GLA's claim;

6.    For a finding that the Seals are liable under NRS 78.300 for the full amount of any improper distributions;

7.    For attorneys' fees and costs;

8.    For exemplary and punitive damages; and

9.    For such other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated:  March 25, 2020                      KAEMPFER CROWELL

By:      /s/ Louis M. Bubala III
          Louis M. Bubala III
          Attorneys for Plaintiff
          GEO-LOGIC ASSOCIATES, INC.

Rutan & Tucker, LLP
attorneys at law

2118/025147-0032
14886940.1 a03/25/20                        -9-

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am employee of KAEMPFER CROWELL and on this 25th day of March, 2020, I served the document entitled, **UNREDACTED (FILED UNDER SEAL) FIRST AMENDED COMPLAINT FOR ALTER EGO LIABILITY, AVOIDANCE OF FRAUDULENT TRANSFERS, AND VIOLATION OF NRS 78.288, ET SEQ.; DEMAND FOR JURY TRIAL**, via first class U.S. Mail by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Reno, Nevada for dleivery to the following:

Michael D. Rounds
Adam K. Yowell
Brownstein Hyatt Farber Schreck, LLP
5371 Kietzke Lane
Reno, NV  89511

/s/ Louis M. Bubala III

Rutan & Tucker, LLP
attorneys at law

2118/025147-0032
14886940.1 a03/25/20

-10-