# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GEO-LOGIC ASSOCIATES, INC.,
a California corporation,

    Plaintiff

v.

METAL RECOVERY SOLUTIONS, a
Nevada corporation, et. al.,

    Defendants

Case No.: 3:20-cv-00180-MMD-WGC

**Order**

Re: ECF Nos. 2, 12

    Plaintiff Geo-Logic Associates, Inc., filed a complaint and motion to redact portions of its complaint (ECF Nos. 1, 2), and five days later filed a first amended complaint (FAC) and motion to redact portions of the FAC (ECF Nos. 11, 12). Both motions seek to redact minimal portions of the complaint and FAC that identify financial details regarding the Defendants which was disclosed in documents from defendant Metal Recovery Solutions marked as highly confidential and attorney's eyes only. The Clerks' Office provisionally filed the unredacted versions of the complaint and FAC under seal in accordance with the court's Local Rules. (ECF Nos. 8, 13.)

    "Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). "'Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to

permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision.'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See Kamakana*, 447 F.3d at 1178. Otherwise, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks and citation omitted). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (Oct. 3, 2016) (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2nd Cir. 1995); *Valley Broad Co. v. U.S. Dist. Ct., D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

There are two possible standards a party must address when it seeks to file a document under seal: the compelling reasons standard or the good cause standard. *Center for Auto Safety*, 809 F.3d at 1096-97. Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1179). The court must "'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Id.* "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599 (1978)). "Examples include when a court record might be used to 'gratify private spite or

1  promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information

2  that might harm a litigant's competitive standing.'" *Id*.

3         The good cause standard, on the other hand, is the exception to public access that has

4  been typically applied to "sealed materials attached to a discovery motion unrelated to the merits

5  of the case." *Id*. (citation omitted). "The 'good cause language comes from Rule 26(c)(1), which

6  governs the issuance of protective orders in the discovery process: The court may, for good

7  cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or

8  undue burden or expense.'" *Id*.

9         The Ninth Circuit has clarified that the key in determining which standard to apply is

10  whether the documents proposed for sealing accompany a motion that is "more than tangentially

11  related to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1101. If that is the case, the

12  compelling reasons standard is applied. If not, the good cause standard is applied.

13        Here, Plaintiff seeks to redact minimal portions of the complaint and FAC that contain

14  financial details regarding a defendant. Since this information is contained within the complaint

15  and FAC, it arguably is related to the merits of the case such that the compelling reasons

16  standard applies. Courts have held that a compelling reason to seal (or redact in this case) is

17  when the document contains business information that might harm a litigant's competitive

18  standing, as is the case here. Therefore, the court finds Plaintiff has satisfied the compelling

19  reasons standard.

20

21

22

23

1   The motions to redact portions of the complaint and FAC (ECF Nos. 2, 12) are

2   **GRANTED**. The unredacted versions of the complaint and FAC (ECF Nos. 8, 13) shall remain

3   **SEALED**.

4   **IT IS SO ORDERED**.

5   Dated: March 26, 2020

6                                               _William G. Cobb_____
                                                William G. Cobb
7                                               United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23