Ronald P. Oines (CA No. 145016)
Edson K. McClellan (CA No. 199541)
Kenneth J. Zielinski (CA No. 258555)
RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone: (714) 641-5100
Facsimile: (714) 546-9035
Email: roines@rutan.com
emcclellan@rutan.com
kzielinski@rutan.com

Louis M. Bubala III (NV No. 8974)
Kaempfer Crowell
50 West Liberty Street, Suite 700
Reno, Nevada 89501
Telephone: (775) 852-3900
Facsimile: (775) 327-2011
Email: lbubala@kcnvlaw.com

Attorneys for Plaintiff
GEO-LOGIC ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GEO-LOGIC ASSOCIATES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>METAL RECOVERY SOLUTIONS, INC., a Nevada corporation, et al.,<br><br>Defendants. | Case No. 3:20-cv-00180-MMD-WGC<br><br>**STIPULATION AND PROTECTIVE ORDER** |

**IT IS HEREBY STIPULATED** by and between Plaintiff Geo-Logic Associates, Inc. ("Plaintiff") and Defendants Metal Recovery Solutions, Inc., Thomas Seal, Jette Seal and Differential Engineering, Inc. (collectively, "Defendants") (Plaintiff and Defendants are, collectively, the "Parties"), by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

1. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

    a. "Proceeding" means this case.

    b. "Court" means this Court and its staff.

    c. "Confidential" means any Documents, Testimony, or Information that is in the possession of a Designating Party who believes in good faith that such Documents, Testimony, or Information is entitled to confidential treatment under applicable law.

    d. "Confidential Materials" means any Documents, Testimony, or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

    e. "Designating Party" means the Party or non-party that designates Documents, Testimony, or Information, as defined below, as "Confidential."

    f. "Disclose," "Disclosed," or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

    g. "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined in Fed. R. Evid. 1001, Documentary and Other Physical Evidence, which have been produced in discovery in this Proceeding by any person or entity, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

    h. "Highly Confidential" means Attorneys' Eyes Only Documents, Testimony, or Information that is in the possession of a Designating Party who believes that disclosure to another Party or non-party would violate applicable law; materially injure the Designating Party, its business, or a third party; put the Designating Party at a competitive disadvantage; or damage any investigation by law enforcement.

    i. "Highly Confidential Materials" means any Documents, Testimony, or Information as defined and designated as "Highly Confidential" pursuant to the provisions of this Stipulation and Protective Order.

j. "Information" means the content of Documents or Testimony.

k. "Testimony" means all depositions, declarations, or other testimony taken or used in this Proceeding.

2. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work-product doctrine, or other privileges, or any Party's right to contest any such assertion.

3. The "Confidential" or "Highly Confidential" designation should not obscure or interfere with the legibility of the designated Information.

    a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" or "Highly Confidential" on each page of any Document containing such designated material.

    b. For Testimony given in depositions the Designating Party may either:

        i) identify on the record, before the close of the deposition, all "Confidential" or "Highly Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential" or "Highly Confidential;" or

        ii) designate the entirety of the Testimony at the deposition as "Confidential" or "Highly Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" or "Highly Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential" or "Highly Confidential" as instructed by the Designating Party.

    c. For Information produced in some form other than Documents, and

for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential" or "Highly Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" or "Highly Confidential" portions.

4. The production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony, or Information during discovery in this Proceeding without a "Confidential" or "Highly Confidential" designation shall be without prejudice to any claim that such item is "Confidential" or "Highly Confidential," and such Party shall not be held to have waived any rights by such production. In the event that any Document, Testimony, or Information that is subject to a "Confidential" or "Highly Confidential" designation is produced without such designation, the Party that produced the document may thereafter designate such documents as "Confidential" or "Highly Confidential" by giving written notice to all parties that the material is to be so designated. All Parties shall then stamp or otherwise mark the designated material as "Confidential" or "Highly Confidential," as described above.

5. Each Party or non-party that designates Documents, Testimony or Information in discovery as "Confidential" or "Highly Confidential" must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of Documents, Testimony, or Information so that other portions of the Documents, Testimony, or Information for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or slow down the case development process, or to impose unnecessary expenses or burdens on other parties), may expose the Designating Party to sanctions.

2118/025147-0045
14915010.2 a04/09/20
20548440.1
-4- STIPULATION AND PROTECTIVE ORDER

6. In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" or "Highly Confidential" objects to such designation with respect to any or all of such items, said counsel ("Objecting Party") shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Objecting Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony, or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to change any or all designations on Documents, Testimony, or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony, or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" or "Highly Confidential" designation.

7. Access to and/or Disclosure of Confidential Materials shall be permitted only to the following persons or entities:

    a. the Court;

    b. (1) Attorneys of record in the Proceeding and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceeding and who are not employees of any Party; (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Each non-lawyer given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant, and are subject to, the terms of this Stipulation and Protective Order and may not be Disclosed to others than pursuant to its terms;

    c. those officers, directors, partners, members, employees and agents of

all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person and shall explain that such person is bound to follow the terms of such Order;

    d. court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

    e. any deposition, trial, or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

    f. any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant and subject to the terms of this Stipulation and Protective Order and may not be Disclosed other than pursuant to its terms;

    g. mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person and shall explain that such person is bound to follow the terms of such Order, and such person will sign a copy of this Stipulation and Protective Order;

    h. outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person and shall explain its terms to such person, and such person will sign a copy of this

Stipulation and Protective Order.  It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and any other person or entity that the Designating Party agrees to in writing.

       8.     Access to and/or Disclosure of Highly Confidential Materials shall be permitted only to the following persons or entities:

       a.     the Court;

       b.     Attorneys of record in the Proceeding and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceeding and who are not employees, contractors, joint venturers or investors of any Party;

       c.     court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

       d.     outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Highly Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person and shall explain its terms to such person, and such person will sign a copy of this Stipulation and Protective Order.  It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and any other person or entity that the Designating Party agrees to in writing;

       e.     the author of the document or the original source of the information; and

       f.     Highly Confidential Materials shall not be permitted to employees,

contractors, joint venturers or investors of any Party.

9. Confidential or Highly Confidential Materials shall be used by the persons or entities receiving such materials only for the purposes of preparing for, conducting, participating in, prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

10. Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

11. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

    a. operate as an admission by any person that any particular Document, Testimony, or Information marked "Confidential" or "Highly Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

    b. prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

        i) to seek a determination by the Court of whether any particular Confidential or Highly Confidential Materials should be subject to protection under the terms of this Stipulation and Protective Order; or

        ii) to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

12. Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof, filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

13. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" or "Highly Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as consent by such producing non-Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

14. If any person subject to this Stipulation and Protective Order who has custody of any Confidential or Highly Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of such materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials and/or seek to obtain confidential treatment of such materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Confidential Materials pursuant to the Subpoena prior to the date specified for production on the Subpoena.

15. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential or Highly Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

16. If any Confidential or Highly Confidential Materials submitted by a

Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential or Highly Confidential Materials to the immediate attention of the Designating Party.

17. This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential or Highly Confidential Materials designated by that Party by advising the other party that the Confidentiality designation no longer applies.

18. The Parties shall meet and confer regarding the procedures for use of any Confidential or Highly Confidential Materials at the trial of this proceeding and shall move the Court for entry of an appropriate order.

19. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential or Highly Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of any Confidential or Highly Confidential Materials.

20. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

21. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential or Highly Confidential Materials, and all copies thereof (except that counsel for each Party may

1 maintain in its files, in continuing compliance with the terms of this Stipulation and
2 Protective Order, all work product, and one copy of each pleading filed with the Court
3 and one copy of each deposition together with the exhibits marked at the deposition), (b)
4 agree with counsel for the Designating Party upon appropriate methods and certification
5 of destruction or other disposition of such materials, or (c) as to any Documents,
6 Testimony, or other Information not addressed by sub-paragraphs (a) and (b), file a
7 motion seeking an order regarding proper preservation of such Materials.  To the extent
8 permitted by law the Court shall retain continuing jurisdiction to review and rule upon the
9 motion referred to in sub-paragraph (c) herein.  Notwithstanding the foregoing, the
10 Parties may retain one copy of Confidential or Highly Confidential Materials to the
11 extent required to comply with insurance carrier or other legal obligations.  Such
12 materials shall be destroyed promptly after the time period has expired to comply with
13 insurance carrier or other legal obligations.

14       22.    After this Stipulation and Protective Order has been signed by counsel for
15 all Parties, it shall be presented to the Court for entry.  Counsel agree to be bound by the
16 terms set forth herein with regard to any Confidential or Highly Confidential Materials
17 that have been produced before the Court signs this Stipulation and Protective Order.
18 Counsel and the Parties likewise agree that Confidential or Highly Confidential Materials
19 marked as either "Confidential" or "Highly Confidential" in 3:17-cv-00563-MMD-WGC
20 and Arbitration Case No. 1260004635 will be treated in this action in accord with the
21 terms of this Protective Order.

22       23.    The Parties agree to be bound by this Stipulation and Protective Order
23 pending its approval and entry by the Court.  In the event that the Court modifies this
24 Stipulation and Protective Order, or in the event that the Court enters a different
25 Protective Order, the Parties agree to be bound by this Stipulation and Protective Order
26 until such time as the Court may enter such a different Order.  It is the Parties' intent to
27 be bound by the terms of this Stipulation and Protective Order pending its entry so as to
28 allow for production or use of Confidential or Highly Confidential Materials under the

terms herein.

This Stipulation and Protective Order may be executed in counterparts.

Dated: April 9, 2020         KAEMPFER CROWELL

By: ____/s/ Louis M. Bubala III____
Louis M. Bubala III
Attorneys for Plaintiff GEO-LOGIC
ASSOCIATES, INC.

Dated: April 9, 2020         BROWNSTEIN HYATT FARBER
SCHRECK, LLP
MICHAEL D. ROUNDS
ADAM K. YOWELL


By: ____/s/ Michael D. Rounds____
Michael D. Rounds
Attorneys for Defendants METAL
RECOVERY SOLUTIONS, INC.,
THOMAS SEAL, PF.D, JETTE SEAL
and DIFFERENTIAL ENGINEERING,
INC.

## **ORDER**

**Paragraph 20 of the Stipulation is modified to reflect that although the parties may agree to be bound by the confidentiality terms of this Order beyond the conclusion of this lawsuit, the dismissal of this action will terminate the jurisdiction of this Court.**

**IT IS SO ORDERED.**

Dated: April 10, 2020

_William G. Cobb_
United States Magistrate Judge