Ronald P. Oines (CA Bar No. 145016) (*Pro Hac Vice*)
roines@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone:  714-641-5100
Facsimile:   714-546-9035

Louis M. Bubala III (NV Bar No. 8974)
lbubala@kcnvlaw.com
Kaempfer Crowell
50 West Liberty Street, Suite 700
Reno, Nevada  89501
Telephone:  775-398-4741
Facsimile:   775-327-2011

Attorneys for Plaintiff
GEO-LOGIC ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GEO-LOGIC ASSOCIATES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>METAL RECOVERY SOLUTIONS, INC., a Nevada corporation, THOMAS SEAL, Ph.D., an individual, JETTE SEAL, an individual, DIFFERENTIAL ENGINEERING, INC.; et al.,<br><br>Defendants. | Case No. 3:20-cv-00180-MMD-WGC<br><br>**PLAINTIFF'S STATUS REPORT REGARDING MOTION TO DISMISS**<br><br>Hrg Date:  12/14/20<br>Hrg Time: 2:30 p.m. |

Geo-Logic Associates, Inc. ("GLA") files this status report in response (1) to the Court's announcement on December 7, 2020, to schedule arguments; and (2) the informal assertion on December 8, 2020, by the bankruptcy trustee for Metal Recovery Solutions, Inc., that the prosecution of this action violates the automatic stay of the U.S. Bankruptcy Code.

GLA previously circulated a proposed stipulation among counsel, requesting this Court to stay this action due to related concerns about standing to prosecute the claims during the bankruptcy.  The parties had not yet reached an agreement by the

-1-

time the Court announced its scheduling.  However, the announcement led the trustee to clarify his view.  He asserts the claims in this action are property of the bankruptcy estate, and that prosecution of this action interferes with the trustee's property rights in violation of the bankruptcy automatic stay.

The U.S. Bankruptcy Court has not considered this issue.  GLA suggests this Court use the hearing as a status conference, given the primacy of the bankruptcy automatic stay and the severity of penalties for violation of it.  GLA also suggests that this action, including argument and ruling on the motion to dismiss, be stayed until the U.S. Bankruptcy Court determines that this action may proceed.

## Procedural History

1.      GLA has a judgment against Metal Recovery Solutions, Inc. ("MRS"). *Geo-Logic Associates, Inc. v. Metal Recovery Solutions, Inc.*, No. 17-cv-00563 (D. Nev.) ("*GLA I*") (Dkt. 58 entered Jan. 6, 2020).

2.      GLA filed this action ("*GLA II*") to recover on the judgment from MRS's owners, Dr. Thomas and Jette Seal, and its affiliate, Differential Engineering, Inc.  GLA alleges the Seals and Differential are liable (1) as alter egos of MRS; (2) as recipients of fraudulent transfers from MRS; and (3) as to the Seals, as recipients of inappropriate equity distributions from MRS.  (Dkt. 11, filed March 25, 2020).

3.      Defendants moved to dismiss this action (Dkt. 18, filed April 15, 2020). GLA opposed (Dkt. 20, filed April 29, 2020), and Defendants replied (Dkt. 28, filed May 6, 2020).

4.      MRS filed a Chapter 7 bankruptcy petition.  *In re Metal Recovery Solutions, Inc.*, No. 20-50660-btb (Bankr. D. Nev. filed July 6, 2020).  Christopher P. Burke was appointed as bankruptcy trustee (Bk. Dkt. 3, filed July 6, 2020), and the U.S. Bankruptcy Court approved his engagement of Michael Lehners as his counsel (Bk. Dkt. 27, filed July 20, 2020).

5.      MRS filed a suggestion of bankruptcy in this action (Dkt. 35, filed July 15, 2020), and this Court stayed the action against MRS as a defendant until the

bankruptcy automatic stay is lifted or MRS's bankruptcy is dismissed without a discharge (Dkt. 36, filed July 17, 2020).

### Status on Bankruptcy Affect on Litigation

On Tuesday, December 8, the trustee asserted that the bankruptcy automatic stay not only applies to GLA's claims against MRS, but also GLA's claims against the Seals and Differential.  GLA and Trustee agree the Seals and Differential are not debtors entitled to protection of MRS's automatic stay.  However, the trustee alleges GLA's claims (alter ego; fraudulent transfer; improper distributions) against the Seals and Differential are generalized claims that belong to the bankruptcy estate.  GLA's prosecution interferes with the trustee's rights in the claims and, thus, violates the bankruptcy automatic stay, according to the trustee.

The trustee's position is based on the statutes and case law about property of the estate and the automatic stay.  The property of the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).  This includes causes of action.  *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204-05 & n.9 (1983); *Smith v. Arthur Anderson LLP*, 421 F.3d 989, 1002 (9th Cir. 2005).

The trustee "has standing to bring any suit that the debtor corporation could have instituted had it not filed for bankruptcy relief.  The trustee's standing to sue on behalf of the estate is exclusive; a debtor's creditors cannot prosecute such claims belonging to the estate absent abandonment."  *Capriati Const. Corp. v. SPER, Inc. (In re Capriati Const. Corp.)*, No. NV-17-1200, 2018 WL 1404439, *5 (BAP 9th Cir. March 20, 2018) (vacating & remanding Landis, B.J.) (emphasis added), *citing Smith*, 421 F.3d at 1002, and *Estate of Spirtos v. One San Bernardino Cnty. Super. Ct.*, 443 F.3d 1172, 1175 (9th Cir. 2006).

The estate's claims include generalized claims that allege a dilution of the estate assets.  Individual creditors can prosecute them if there is no bankruptcy.  *E.g.*, NRS Chapter 112, Fraudulent Transfers (Uniform Act).  But during a bankruptcy,

the trustee has the sole standing to prosecute those claims for the benefit of all creditors. *CBS, Inc. v. Folks (In re Folks)*, 211 B.R. 378 (BAP 9th Cir. 2011) (Zive, B.J.). *See also Artesanias Hacienda Real S.A. DE C.V., v. North Mill Capital, LLC (In re Wilton Armetale, Inc.)*, 968 F.3d 273 (3d Cir. 2020).

Because the claims are property of the estate, the Bankruptcy Code automatically stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The trustee has "the exclusive power to raise legal claims on behalf of the estate." *Spirtos*, 443 F.3d at 1175, *citing* 11 U.S.C. § 323(a).

Courts have repeatedly held that generalized claims—those alleged by GLA in this action—constitute property of the bankruptcy estate that may be prosecuted during the bankruptcy only by the trustee. The concepts are addressed in *Capriati*, as well as two other bankruptcy appeals in the Ninth Circuit. *Porrett v. Hillen (In re Porrett)*, 564 B.R. 57, 66-67 (D. Idaho 2016); *Johnston v. Parker (In re Johnston)*, 311 B.R. 262, 273-74 (D. Ariz. 2005).

*Capriati* equivocated on the trustee's exclusive right to claims alleging parties are alter egos if the debtor is a Nevada entity (as that debtor was not a Nevada entity). But other cases hold that the trustee does have the exclusive rights to allege claims of alter ego of a Nevada entity. *Henderson v. Buchanan (In re Western World Funding, Inc.)*, 52 B.R. 743, 784 (Bankr. D. Nev. 1985) (Jones, B.J.) (subsequent history, on other grounds, omitted), *followed by Trustees of the Constr. Ind. & Laborers Health & Welfare Tr. v. Vasquez*, No. 2:09-cv-02331, 2011 WL 4549228, *3 (D. Nev. Sept. 29, 2011) (Hicks, J.).

In GLA's research over two days, every Nevada federal decision on this point adopted the concept that the trustee has the exclusive right to bring generalized claims during the bankruptcy. *Bolick v. Pasionek*, No. 2:15-cv-177, 2015 WL 1734936, *5 (D. Nev. April 16, 2015) (Mahan, J.); *Eddleman v. Thomas*, No. 2:08-cv-207, 2007 WL 3051261 (D. Nev. Oct. 12, 2007) (George, J.); *Schnelling v.*

*Thomas (In re Agribiotech, Inc.)*, 319 B.R. 216, 219-22 (D. Nev. 2004) (Pro, J.); *AE Restaurant Assocs., LLC v. Giampietro (In re Giampetro)*, 317 B.R. 841, 853 & n.17 (Bankr. D. Nev. 2004) (Markell, B.J.) (noting questions to scope of trustee's right). The only exception arose in an ERISA action. The court recognized the law but held plaintiff held direct claims against the defendants that still could be prosecuted. *Unite Here Health v. Gilbert*, No. 2:13-cv-00937, 2014 WL 2527121, *5-6 & nn. 58-59 (D. Nev. June 4, 2014) (Dorsey, J.).

The Bankruptcy Code authorizes substantial financial penalties for violations of the automatic stay. 11 U.S.C. § 362(k). *See, e.g., America's Serv'g Co. v. Schwartz-Tallard (In re Schwartz-Tallard)*, 803 F.3d 1095 (9th Cir. 2015) (en banc). GLA has no desire to find itself subject to a motion for violating the stay by defending in this action against the Defendants' motion to dismiss. While the trustee is asserting his rights, GLA is compelled to bring this action before this Court since GLA may suffer the consequences if this action moves forward.

GLA understands that the trustee seeks to centralize its efforts to liquidate and gather the assets of the bankruptcy estate in actions before the U.S. Bankruptcy Court. GLA further understands that the trustee may pursue claims against the Seals and Differential in the U.S. Bankruptcy Court. While the trustee has not yet filed any such claims, the trustee believes he has the sole right to prosecute these claims—and the prosecution of this action is a violation of the stay under Bankruptcy Code Section 362(a)(3). Therefore, GLA requests this Court defer on argument and ruling on the motion to dismiss, and to impose its own stay on the prosecution of this action subject to a determination by the U.S. Bankruptcy Court on the applicability of the bankruptcy automatic stay.

Dated: December 10, 2020                    KAEMPFER CROWELL

By:/s/ Louis M. Bubala III
_____
Attorneys for Plaintiff
GEO-LOGIC ASSOCIATES, INC.